SCHOTT, Judge.
Frances Delgado had appealed from a judgment removing her as administratrix *675 of this succession. The issue is whether her removal was in accordance with the law.
Appellant and decedent Kenneth Lee Thurman had been married but were divorced in May, 1977. They had only one child, Judy Ann Thurman, who was a minor at the time of her father’s death in August, 1977. In October, 1978, appellant was confirmed as natural tutrix of her daughter and was thus eligible under C.C.P. Art. 3097 to be, and was appointed administratrix of the succession. In June, 1979, Judy Ann Thurman, now of the full age of majority, instituted these proceedings to remove appellant.
In her petition to remove appellant, ap-pellee alleged that appellant had created a conflict of interests by asserting a claim against the succession and was guilty of misconduct and breach of trust by appropriating property of the succession for her own personal use. Most important, she alleged that appellant was no longer qualified as administratrix since appellant was no longer her tutrix.
The trial judge reasoned that appellant’s only basis for being appointed administra-trix in the first place was her position as her daughter’s tutrix and with the child, appellee, becoming of age and no longer requiring a legal representative appellant has now become disqualified under the terms of LSA C.C.P. Art. 3097.
Appellant contends that in order for ap-pellee to prevail she must come within the provisions of C.C.P. Art. 3182, which provides:
“The court may remove any succession representative who is or has become disqualified . . . .”
Appellant further contends that the definition of the word “disqualified” must be ascertained by reference to Art. 3097, which prohibits confirmation as administrator one who is incompetent because of age, interdiction, or mental incompetency; a convicted felon, non-resident, a corporation or a person who is proved to be unfit for the appointment because of bad moral character. Appellant argues, and we agree, that none of these grounds for disqualification apply to her. However, this is not a case where appellant has become disqualified. It is the situation where the only basis for her appointment in the first instance was her position as tutrix of her then minor child and she no longer occupies that position. Under the express terms of C.C.P. Art. 3097 appellant would not have been eligible for appointment as administratrix of the succession if she had not been serving as tutrix of the minor.
Under C.C.P. Art. 4235 a tutor who has resigned or who has been removed shall have no further authority as such and no further duty except to render a final account under Art. 4392. While this article does not specifically refer to the expiration of the tutorship by virtue of the child reaching the age of majority the same principle must apply. Compare Art. 4206, which provides that the under-tutor is relieved of further duty and authority when the minor reaches majority.
We have found no cases which have decided this issue and have not been cited any, but logic requires that the succession representative, whose only basis for appointment was her capacity as tutrix of her child, must yield that appointment to the child, the sole heir of the decedent, who has attained the age of majority and applies for the administration especially since there was no showing that the orderly administration of the succession would in any way be impaired by the child assuming the administration.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.